Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND<br><br>Plaintiffs,<br><br>v.<br><br>PAPERMILL PRINTING, INC., a Washington corporation,<br><br>Defendant. | CASE NO. 2:16-CV-7247<br><br>**COMPLAINT**<br><br>(1)  Collection of Withdrawal Liability pursuant to ERISA § 4221(b)(1)  (29 U.S.C. § 1401(b)(1));<br>(2)  Payroll Audit Scheduling |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, for causes of action against Defendant Papermill Printing, Inc., allege as follows:

COMPLAINT

## JURISDICTION AND VENUE

1.     This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan.  This is also an action to compel the production of an employer's books and records, for the purpose of determining the accuracy of its reporting to the multiemployer pension plan of the number of hours worked by its employees. These actions arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.*

2.     This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.     Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the GCIU-Employer Retirement Fund ("Fund") is administered at its principal place of business in City of Industry, California.

## PARTIES

4.     Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.     Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Fund at 13191 Crossroads Parkway North, Suite 205, City of Industry, California 91746-3434.

6.     Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.  The Fund is also authorized to bring this action in its

COMPLAINT

own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund. A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

7.     Defendant Papermill Printing, Inc. ("Papermill") is a corporation organized under the laws of the State of Washington that is currently inactive.

8.     At all times relevant to this action, Defendant has been an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## FIRST CAUSE OF ACTION

### (Default on Payment Obligation for Withdrawal Liability)

9.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     During all relevant times, Papermill was a signatory to a Collective Bargaining Agreement with the Graphic Communications Conference of the International Brotherhood of Teamsters, Local 767M under which it was required to make contributions on behalf of its covered employees. A true and correct copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

11.     Defendant's obligation to contribute to the Plaintiff Fund ceased in 2009 because Defendant withdrew from participation in the Plaintiff Fund.

12.     As a result, Plaintiffs provided Papermill with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated December 10, 2015, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant was $267,352. The Notice and Demand included a detailed calculation of how the amount of the withdrawal liability assessment was calculated by the actuary.

3

COMPLAINT

A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

13.    The Notice and Demand also provided Papermill with a payment schedule for the withdrawal liability assessment in accordance with the requirements of ERISA § 4219(c), 29 U.S.C. § 1399(c). A copy of the payment schedule is labeled as exhibit 2 of Exhibit 3 attached hereto.

14.    Papermill failed to exercise its rights under § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Plaintiffs.

15.    On March 4, 2016, Plaintiffs provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Papermill in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

16.    Defendant did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has expired.  Consequently, the amounts demanded by the Fund are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

17.    Defendant has failed to make the required withdrawal liability payment(s) to the Fund and thus is in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

## SECOND CAUSE OF ACTION

(Audit of Books and Records)

18.    The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19.    The Collective Bargaining Agreement and the Trust Agreement obligate the Defendant to permit the Plaintiffs, on demand, to check, examine and audit its books and records, including its payroll records, relating to hours worked by all employees,

4

COMPLAINT

including Union, non-Union, bargaining unit, and non-bargaining unit employees, of the Defendant.

20.     Defendant is contractually liable under the Trust Agreement and the Fund's Payroll Audit Procedures to pay the costs and expense of the audit, all auditing fees, and any and all attorney fees and costs incurred by the Plaintiffs in obtaining the audit.

21.     Defendant is contractually liable under the collective bargaining agreement and Trust Agreement to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

22.     Plaintiffs require an audit covering the period January 1, 2007 through the date of Defendant's withdrawal from the Plaintiff Fund to determine whether Defendant has accurately reported the number of hours worked by its employees.

23.     Defendant, therefore, must be ordered to produce its books and records for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit.

24.     In the event it is discovered that the Defendant has not properly submitted accurate reports to the Plaintiffs and has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collections, audit fees and attorneys' fees.

WHEREFORE, Plaintiffs request the following relief:

(a) On Plaintiffs' First Cause of Action, a judgment against Defendant, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

   (i)     the past due withdrawal liability payment of $267,352;

   (ii)    interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid

COMPLAINT

withdrawal liability due and owing from February 8, 2016 until paid;

    (iii)    Plaintiffs' reasonable attorneys' fees and costs of the action; and

    (iv)    Such other legal and equitable relief as the Court deems appropriate.

(b) On Plaintiffs' Second Cause of Action, judgment against the Defendant, and on behalf of Plaintiffs,

    (i)    Requiring it to produce its books and records covering the period of January 1, 2007 to date of Defendant's withdrawal from the Fund for Plaintiffs' review and audit, to pay the costs and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit; and

    (ii)    For any all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' fees.

Dated: September 27. 2016      /s/ Valentina S. Mindirgasova

Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs

COMPLAINT